UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY SMITH, </br></br> Plaintiff </br></br> v. </br></br> NCO FINANCIAL SYSTEMS, INC., </br></br> Defendant | ) </br> ) </br> ) </br> ) </br> ) Case No.: </br> ) </br> ) COMPLAINT AND DEMAND FOR </br> ) JURY TRIAL </br> ) </br> ) (Unlawful Debt Collection Practices) |

## COMPLAINT

ANTHONY SMITH ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has its corporate headquarters in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Also, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, PA 19044.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Beginning on or around October 1, 2011, and continuing through December 5, 2011, Defendant and others it retained placed multiple collection calls to Plaintiff on his home and cellular telephones in an attempt to collect a consumer debt.

12. Upon information and belief, the debt arose out of transactions that were primarily for personal, family, or household purposes.

13. During this period, Defendant contacted Plaintiff, on average, two (2) times a day, causing him to receive more than ten (10) collection calls a week.

14. Many of Defendant's collection calls originated from 1-800-377-4834, which the undersigned has confirmed belongs to Defendant.

15. Upon information and belief, Defendant contacted Plaintiff on a repetitive and continuous basis with the intent to harass Plaintiff in to paying a debt.

PLAINTIFF'S COMPLAINT

16. The repetitive calls to Plaintiff were disturbing, harassing, and an invasion of privacy.

17. Furthermore, within five (5) days of its initial contact with Plaintiff, Defendant failed to send Plaintiff written notification of his rights to dispute the debt and/or request verification of the debt.

18. Defendant's constant calls to Plaintiff caused him to retain counsel in order to get the calls to stop.

19. On November 15, 2011, Plaintiff's counsel sent Defendant correspondence advising that Plaintiff was represented by counsel and to cease any and all communications with him. See Exhibit A, the November 15, 2011, letter to Defendant.

20. Despite the unambiguous written request that Defendant cease contacting Plaintiff, Defendant continued to contact Plaintiff on a regular basis in an attempt to collect a debt.

21. Most recently, Defendant contacted Plaintiff on December 5, 2011, in its attempts to collect a debt.

## CONSTRUCTION OF LAW

22. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

23. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

24. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated the FDCPA generally;

b. Defendant violated §1692c(a)(1) of the FDCPA when it communicated with Plaintiff at a time or place that it knew or should have known was inconvenient;

c. Defendant violated §1692c(a)(2) of the FDCPA when it communicated with Plaintiff after having knowledge that Plaintiff was represented by an attorney;

d. Defendant violated §1692c(c) of the FDCPA when it communicated with Plaintiff after it received a written demand that it cease communication with Plaintiff;

e. Defendant violated §1692d of the FDCPA when it harassed, oppressed or abused Plaintiff in connection with the collection of a debt;

f. Defendant violated §1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff; and

g. Defendant violated §1692f of the FDCPA when it used unfair and unconscionable means in connection with the collection of a debt.

WHEREFORE, Plaintiff, ANTHONY SMITH, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANTHONY SMITH, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 12/23/11

By: _____
Craig Thor Kimmel
Attorney ID No. 57100
Tara L. Patterson
Attorney ID No. 88343
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email:    kimmel@creditlaw.com
Email:    tpatterson@creditlaw.com

CRAIG THOR KIMMEL*^
ROBERT M. SILVERMAN*·

\* Member, PA Bar
· Member, NJ Bar
× Member, DE Bar
ˉ Member, NY Bar
^ Member, MA Bar
# Member, MD Bar
• Member, OH Bar
§ Member, MI Bar
" Member, NH Bar
± Member, CT Bar
" Member, TN Bar
ʰ Member, WY Bar
ʸ Member, DC Bar
¢ Member, CA Bar



# KIMMEL & SILVERMAN
P.C.

www.CREDITLAW.com
(800)-NOT-FAIR

**CORPORATE HEADQUARTERS**
30 E. Butler Pike, Ambler, PA 19002
Toll Free (800)-668-3247
Fax (800) 863-1689

JACQUELINE C. HERRITT"*·
ROBERT A. RAPKIN·
AMY L. BENNECOFF"ᵒ§ᵖ
TARA L. PATTERSON·
ANGELA K. TROCCOLI"ᵘ
CHRISTINA GILL ROSEMAN"§
FRED DAVIS"
RICHARD A. SCHOLER"
W. CHRISTOPHER COMPONOVO*
SARAH M. YOUNG·
TIMOTHY J. ABEEL, JR.**

DELAWARE, 501 Silverside Road, Suite 118, Wilmington, DE 19809, (302) 791-9373
NEW ENGLAND, 60 Hartford Pike, P.O. Box 325, Dayville, CT 06241, (860) 866-4380
NEW JERSEY, Executive Quarters, 1930 E. Marlton Pike, Suite Q29, Cherry Hill, NJ 08003, (856) 429-8334
NEW YORK, 1001 Avenue of the Americas, 12th Floor, New York, NY 10018, (212) 719-7543
WESTERN DISTRICT OF NY, 1207 Delaware Avenue, Suite 440, Buffalo, NY 14209, (716) 332-6112
W. PENNSYLVANIA, 210 Grant Street, Suite 202, Pittsburgh, PA 15219, (412) 566-1001

Please reply to CORPORATE HEADQUARTERS

November 17, 2011

*VIA E-MAIL ONLY*
Ross S. Enders, Esquire
Sessions, Fishman, Nathan & Israel
200 Route 31 North, Suite 203
Flemington, NJ  08822

    RE:    Anthony Smith v. NCO Financial Systems, Inc.

Dear Mr. Enders:

    Please be advised that we represent ANTHONY WILSON regarding claims against your client, NCO Financial Systems, Inc., pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* and State law.  Having been formally notified of representation, we respectfully demand you not contact our client for any reason.  Instead, please direct all future contact and correspondence to our attention only.

    **ADDITIONALLY, THIS LETTER SERVES AS NOTICE TO IMMEDIATELY CEASE AND DESIST CONTACTING OUR CLIENT** with respect to the collection or attempted collection of any debt, pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692b(6) and 1692c(b).  There to be absolutely no calls, letters, or other communications whatsoever by any employees of NCO Financial Systems, Inc.  Do not contact our client at home, at work, by cellular phone, by mail or otherwise.

    Based upon the information received to date, an FDCPA claim will be prepared and filed against NCO Financial Systems, Inc. without further advance notice.  You may, if desired, contact us to discuss the matter.

    Sincerely,

    /s/ Craig Thor Kimmel

    CRAIG THOR KIMMEL


PLAINTIFF'S EXHIBIT A

*"When Debt Collectors Called you, they never expected you to call us"*
© Copyright 2009-2010 All Rights Reserved, Kimmel & Silverman, P.C.